UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

PHH MORTGAGE CORPORATION,

                         Plaintiff,               1:25-CV-1182
                                           (ECC/DJS)

v.

KIM AQUILO; NEW YORK STATE
DEPARTMENT OF TAXATION AND
FINANCE; CAPITAL ONE, N.A.;

"JOHN DOE #1" through "JOHN DOE #12,"
the last twelve names being fictitious and
unknown to plaintiffs, the persons or parties
intended being the tenants, occupants, persons or
corporations, if any, having or claiming an
interest in or lien upon the premises, described in
the complaint,

                         Defendants.

---

Eric Sheidlower, Esq., *for Plaintiff*

**Hon. Elizabeth C. Coombe, United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

Plaintiff PHH Mortgage Corporation (Plaintiff) brings this foreclosure action against Defendants Kim Aquilo (Aquilo), New York State Department of Taxation and Finance (DTF), Capital One, N.A. (Capital One), and "John Doe #1" through "John Doe #12, pursuant to New York's Real Property Actions and Proceeding Law (RPAPL), Article 13. *See* Compl. ¶ 1, Dkt. No. 1. Plaintiff seeks damages, attorneys' fees and costs, and a judgment of foreclosure and sale. *Id.* at Wherefore Clause; [Proposed] Judgment of Foreclosure and Sale, Dkt. No. 21-1; *see generally* Plaintiff's Memorandum in Support of Motion for Default Judgment, Dkt. No. 21-3. Upon Plaintiff's application and considering Defendants' failure to appear in or otherwise defend

this action, the Clerk of the Court noted the default of the Defendants on December 16, 2025. *See* Dkt. No. 14.

Currently pending before this Court is Plaintiff's motion for default judgment. *See* Dkt. No. 21. For the reasons set forth below, this Court grants Plaintiff's motion in part and denies it in part.

## I.      FACTS[1]

Plaintiff brought this diversity action to foreclose on a mortgage encumbering 3442 Gari Lane, Guilderland, New York, 12303 in Albany County (the Subject Property). *See* Compl. ¶ 1. Plaintiff is a New Jersey corporation with its principal office located in Mount Laurel, New Jersey. *See id.* ¶ 2; *see also* Dkt. No. 21-2 ¶ 12.

On January 26, 2005, Aquilo executed and delivered a promissory note in the principal amount of $475,000.00 (the Note), secured by a mortgage on the Subject Property (the Mortgage), to Argent Mortgage Company, LLC. *See* Compl. ¶ 10; Note, Dkt. No. 1-3; Mortgage, Dkt. No. 1-4. On February 28, 2005, the Mortgage was duly recorded with the Albany County Clerk in Liber 4918 at Page 266. *See id.* Thereafter, on July 17, 2009, the Mortgage was assigned from Argent Mortgage Company, LLC to Deutsche Bank National Trust Company, as Trustee for the registered holders of GSAMP Trust 2006-SD1, Mortgage Pass-Through Certificate, Series 2006-SD1, by Assignment of Mortgage recorded September 23, 2009, in Liber 5932 at Page 629. *See* Compl. ¶ 10; Dkt. No. 1-5. The Mortgage was subsequently assigned to PHH Mortgage Corporation, by Assignment of Mortgage recorded August 8, 2025 in Instrument Number R2025-14139. *See id.*

---

[1] The following facts are drawn from Plaintiff's complaint, supporting affidavit, and accompanying exhibits, and are accepted as true for the purposes of this motion.

The Note was transferred via allonge between the same parties. *See* Compl. ¶ 10; Dkt. No. 1-3 at 5.

Under the Mortgage and Note, Aquilo was obligated to make principal and interest payments totaling $3,482.08, plus taxes and insurance, starting on March 1, 2005. *See* Note ¶ 3. Under the Mortgage, if Aquilo failed to make a payment on the date a monthly payment was due, Aquilo would be in default. *See* Note ¶ 7(a). If Aquilo defaulted, the Note holder could exercise the right to force immediate payment of the full amount of the remaining principal, all accrued interest, and reasonable attorneys' fees and costs incurred. *Id.* ¶¶ 7(c), (e).

Plaintiff alleges that Aquilo defaulted under the Mortgage by failing to make the required monthly payments since January 1, 2025, leaving an outstanding principal balance of $392,421.79 ($301,791.79 in unpaid principal and $90,630.00 in deferred principal). *See* Compl. ¶¶ 20, 26(a); Decl. of Eric Sheidlower, Esq. (Sheidlower Decl.) ¶ 22, Dkt. No. 21-2. On February 11, 2025, Plaintiff mailed a 90-day Notice pursuant to RPAPL §1304 to Aquilo via First-Class Mail and Certified Mail, and filed the 90-day Notice with the New York State Department of Financial Services in accordance with RPAPL § 1306(2). *See* Compl. ¶ 23; *see also* Dkt. No. 1-7.

On August 29, 2025, Plaintiff commenced this action alleging, *inter alia*, that Aquilo had failed to make payments in accordance with the terms of the Mortgage and Note since January 1, 2025. *See* Compl. ¶¶ 20, 26(a). Plaintiff also named the DTF and Capital One as defendants (nominal defendants), alleging that they hold liens on the Subject Property that are subordinate to Plaintiff's Mortgage. *See id.* ¶¶ 4, 5.

Aquilo was served with the summons and complaint on September 10, 2025, and the nominal defendants were served on September 9, 2025 and September 11, 2025. *See* Dkt. Nos. 6,

7, 8. On December 16, 2025, the Clerk of the Court entered a Certificate of Default against defendants after they failed to respond to the complaint. *See* Dkt. No. 14.

On February 19, 2026, Plaintiff filed the motion for default currently pending before the Court. *See* Dkt. No. 21. In this motion, Plaintiff seeks to recover: (1) $392,421.79 in outstanding principal; (2) interest from December 1, 2024 through November 24, 2025 in the amount of $11,589.82, and at a continuing rate of 3.92% per annum until the entry of judgment; (3) late charges in the amount of $100.00; (4) escrow advances (including taxes, insurance, and a prior servicer escrow balance) in the amount of $14,843.07; (5) property inspections in the amount of $150.00; (6) property valuation fees in the amount of $85.00; (7) title search expenses in the amount of $417.50; (9) costs and disbursements in the amount of $875.00; (9) and attorneys' fees in the amount of $6,800.00. *See* Dkt. Nos. 21-4, 21-5 at ¶ 22, 21-18, 21-20. Plaintiff further requests the appointment of a Referee to effectuate the sale and disburse the funds from such sale. *See* Dkt. Nos. 21-1, 21-3. In support of the motion, Plaintiff submitted a declaration, affirmation, and a variety of exhibits[2], including payment and billing records. Any responses to the motion were due by March 12, 2026. None were filed.

## II.    DISCUSSION

### A.  Standing

Since Plaintiff is not an original party to the Note, this Court will first address Plaintiff's standing to bring this foreclosure action. *See Cent. States Se. & Sw. Areas Health & Welfare Fund v. Merck-Medco Managed Care*, 433 F.3d 181, 198 (2d Cir. 2005) ("Because the standing issue

---

[2] The Court notes that several exhibits directed the Court to cross-reference previously filed exhibits, many of which appeared on the docket as cross-references to exhibits filed even earlier. In the future, the Court expects counsel to re-file these documents each time they are filed as exhibits.

goes to this Court's subject matter jurisdiction, it can be raised *sua sponte*."). "Under New York law, '[a] plaintiff establishes its standing in a mortgage foreclosure action by demonstrating that, when the action was commenced, it was either the holder or assignee of the underlying note.'" *E. Sav. Bank, FSB v. Thompson*, 631 Fed. Appx. 13, 15 (2d Cir. 2015) (quoting *Wells Fargo Bank, N.A. v. Rooney*, 19 N.Y.S.3d 543, 544 (2d Dep't 2015)). "[E]ither a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident." *Id.* (quoting *U.S. Bank, N.A. v. Collymore*, 890 N.Y.S.2d 578, 580 (2d Dep't 2009)). "Holder status is established where the plaintiff possesses a note that, on its face or by allonge, contains an indorsement in blank or bears a special indorsement payable to the order of the plaintiff." *Id.* (quoting *Wells Fargo Bank, NA v. Ostiguy*, 8 N.Y.S.3d 669, 671 (3d Dep't 2015)).

Here, Plaintiff alleges, and submits documentation to establish, that it has been in possession of the Note and has been assigned the Mortgage since July 17, 2009, which assignment was recorded on September 23, 2009. *See* Comp. ¶ 10; Sheidlower Decl. ¶ 11; Ex. E, Sheidlower Decl., Dkt. Nos. 1-3, 1-5. Plaintiff has provided copies of the Note and Mortgage as exhibits to the complaint. *See* Dkt. Nos. 1-3, 1-5. Since Plaintiff has submitted uncontroverted evidence that it held the Note and Mortgage when it commenced this action on August 29, 2025, this Court finds that Plaintiff has standing to pursue this action. *See Thompson*, 631 Fed. Appx. at 15-16; *Blue Castle (Cayman) LTD v. 1767 TP Ave LLC*, No. 22-CV-9577, 2024 WL 4135194, at *4 (S.D.N.Y. Sept. 10, 2024) ("Attachment of the Note as an exhibit to the Complaint was sufficient to establish standing since it demonstrated that the plaintiff was in physical possession of the [N]ote at the time the action was commenced.") (internal quotation marks and citation omitted).

**B. Legal Standards**

Rule 55 of the Federal Rules of Civil Procedure sets forth a two-step process for entry of a default judgment. *See Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95-96 (2d Cir. 1993). First, the Clerk of Court enters the default pursuant to Rule 55(a) by notation of the party's default on the Clerk's record of the case. *See id.*; *see also* Fed R. Civ. P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."). This first step is nondiscretionary. *See United States v. Conolly*, 694 Fed. Appx. 10, 12 (2d Cir. 2017). Second, after the Clerk of Court enters a default against a party, if that party fails to appear or otherwise move to set aside the default pursuant to Rule 55(c), the plaintiff may apply to the court for a default judgment. *See* Fed. R. Civ. P. 55(a), (b)(2).

Considering the Second Circuit's "oft-stated preference for resolving disputes on the merits," default judgments are "generally disfavored." *Enron Oil*, 10 F.3d at 95-96. When evaluating a plaintiff's application for a default judgment, "a court is required to accept all [] factual allegations as true and draw all reasonable inferences in [plaintiff's] favor." *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009). "Nevertheless, it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit conclusions of law." *Doe v. Rees*, 3:24-cv-274 (MAD/ML), 2025 WL 834786, at *4 (N.D.N.Y. Mar. 17, 2025) (quoting *Labarbera v. ASTC Labs., Inc.*, 752 F. Supp. 2d 263, 270 (E.D.N.Y. 2010) (internal quotations and citations omitted)); *see also TAGC Mgmt., LLC v. Lehman, Lee & Xu Ltd.*, 536 Fed. Appx. 45, 46 (2d Cir. 2013) ("[P]rior to entering default judgment, a district court is required to determine whether the plaintiff's allegations establish the defendant's liability as a matter of law.") (internal quotations and citations omitted).

6

### C. Pre-Foreclosure Procedures

Article 13 of the RPAPL provides for certain requirements that must be complied with in a foreclosure action, even in federal court. *See, e.g., OneWest Bank, N.A. v. Conklin*, 310 F.R.D. 40, 44 (N.D.N.Y. 2015); *Wilmington Sav. Fund Soc'y, FSB as trustee of Aspen Holdings Tr. v. Fernandez*, 712 F. Supp. 3d 324, 333-34 (E.D.N.Y. 2024). Section 1303 requires the plaintiff to serve a specific notice on the defendant, with the summons and complaint. *See* RPAPL § 1303. Section 1304 requires that a plaintiff serve an additional notice at least ninety days before commencing a foreclosure action. *See id.* § 1304(1). That notice must be sent "by registered or certified mail and also by first-class mail to the last known address of the borrower, and to the residence that is the subject of the mortgage." *Id.* § 1304(2). RPAPL § 1306 requires that a plaintiff file certain information with the Superintendent of Financial Services, within three business days of mailing the notice required by section 1304.[3] *See* RPAPL § 1306. A plaintiff is also required to serve a special summons once the foreclosure action is filed. *See* RPAPL § 1320. Finally, RPAPL § 1331 requires that a plaintiff file a notice of pendency of the action, as well as a copy of the complaint, in the clerk's office of the county where the subject property is located. *See* RPAPL §§ 1331, 6511(a) ("Unless it has already been filed in that county, the complaint shall be filed with the notice of pendency.").

Plaintiff has complied with each of the statutory requirements. First, Plaintiff served specific notice on Aquilo in compliance with Section 1303. *See* Dkt. No. 1-9. Plaintiff then served an additional 90-Day Pre-Foreclosure notice, as required by Section 1304. *See* Sheidlower Decl.

---

[3] Section 1306(2), in turn, requires that "[e]ach filing delivered to the superintendent shall be on such form as the superintendent shall prescribe, and shall include at a minimum, the name, address, last known telephone number of the borrower, and the amount claimed as due and owing on the mortgage, and such other information as will enable the superintendent to ascertain the type of loan at issue." *Id.* § 1306(2)

¶ 16; Dkt. No. 1-7. Plaintiff has also submitted a Proof of Filing Statement from the New York State Department of Financial Services stating that Plaintiff filed the information required by Section 1306 on February 13, 2025. *See* Dkt. No. 1-7. Plaintiff's process server avers that he served the special summons required by Section 1320 on Aquilo, and the summons submitted contains the content required by Section 1320. *See* Sheidlower Decl. ¶ 19; Dkt. Nos. 6, 7, 8. Finally, Plaintiff filed the notice of pendency and a copy of the complaint with the Albany County Clerk on September 11, 2025, as required by Section 1331. *See* Sheidlower Decl. ¶ 18; Dkt. No. 21-14. In sum, Plaintiff has demonstrated its compliance with the statutory requirements contained in Article 13.

### D. Mortgage Foreclosures

#### 1. Applicable Standards

Under New York law, to foreclose on a mortgage, a plaintiff must demonstrate (1) the existence of a mortgage; (2) ownership of the mortgage; and (3) the defendant's default in payment on the loan (which is secured by the mortgage). *See OneWest Bank, N.A. v. Hawkins*, No. 14 CV 4656(NGG), 2015 WL 5706945, at *5 (E.D.N.Y. Sept. 2, 2015) (citing *Campaign v. Barba*, 23 A.D.3d 327, 327 (2d Dep't 2005); *see also Greystone Bank v. Skyline Woods Realty, LLC*, 817 F. Supp. 2d 57, 62 (N.D.N.Y. 2011) (noting that summary judgment in a mortgage foreclosure action is appropriate where the plaintiff produces the note and mortgage, along with proof that the mortgagor failed to make the payments due under the note). Once the plaintiff submits the mortgage, the unpaid note, and evidence of the default, it has established a *prima facie* entitlement to judgment, and the burden shifts to the defendant to rebut the plaintiff's evidence. *See Sec'y of U.S. Dep't of Hous. & Urb. Dev. v. Kings Cnty. Pub. Admin.*, No. 22-cv-07925, 2023 WL 7169000, at *3 (E.D.N.Y. Sept. 13, 2023).

### 2.    Plaintiff Entitled to Foreclosure

Here, the allegations in the complaint, as well as the evidence submitted in support of Plaintiff's motion, establish that Plaintiff is entitled to foreclosure.  Plaintiff has produced copies of the Note, Mortgage, and assignment, thereby establishing the borrower's obligations arising thereunder.  The Note, Mortgage, and accompanying documents establish the existence of a debt owed by the borrower, and Plaintiff's ownership of the Note and Mortgage.  *See Gustavia Home, LLC v. Bent*, 321 F. Supp. 3d 409, 415 (E.D.N.Y. 2018) (finding that "copies of the Mortgage, Note, alonges, and chain of assignments" was "evidence . . . that establishes a *prima facie* case of entitlement to judgment").  Plaintiff also has established that the borrower defaulted by failing to make the required monthly payments beginning January 1, 2025.  *See* Compl. ¶¶ 20, 26(a); Sheidlower Decl. ¶ 22, Dkt. No. 21-2; *see also Gustavia Home*, 321 F. Supp. 3d at 415 (finding that affidavit stating that "defendant . . . failed to cure the default" was sufficient proof of borrower's default).  Aquilo's default triggered Plaintiff's right to accelerate the loan and to require full payment of the principal amount outstanding.  *See* Note ¶¶ 7(c), (e).

Because Defendants have not answered the complaint or otherwise opposed the instant motion, they have failed to rebut Plaintiff's *prima facie* showing that it is entitled to foreclosure. *See Kings Cnty. Pub. Admin.*, 2023 WL 7169000, at *3; *Sec'y of U.S. Dep't of Hous. & Urb. Dev. v. Nassau Cnty. Pub. Admin. as Admin. of the Estate of Ella Mae Key a/k/a Mae Key, Deceased*, No. 19-CV-3547, 2023 WL 2421676, at *7 (E.D.N.Y. Feb. 9, 2023).

### 3.    Other Subordinate Lienholders

Plaintiff names the DTF, Capital One, and John Doe Numbers 1 through 12[4] as possible subordinate lienholders.  Section 1311 of the RPAPL requires that the necessary parties to a

---

[4] The Court notes that Plaintiff seeks to dismiss the claims it had brought against "John Doe #1" through "John Doe #12" (though Plaintiff characterizes this as amending the caption).  *See* Dkt.

mortgage foreclosure action include "[e]very person having any lien or incumbrance upon the real property which is claimed to be subject and subordinate to the lien of the plaintiff."  RPAPL § 1311(3).  "This rule 'derives from the underlying objective of foreclosure actions -- to extinguish the rights of redemption of all those who have a subordinate interest in the property and to vest complete title in the purchaser at the judicial sale.'" *Bank of Am., N.A. v. 3301 Atl., LLC*, No. 10-CV-5204, 2012 WL 2529196, at *14 (E.D.N.Y. June 29, 2012) (quoting *NC Venture I, L.P. v. Complete Analysis, Inc.*, 803 N.Y.S.2d 95, 97-98 (2d Dep't 2005)).  Default judgment is appropriate against such a defendant where the complaint alleges "nominal liability," *i.e.*, that any judgments or liens a defendant may have against the property are subject and subordinate to a plaintiff's lien.  *See E. Sav. Bank, FSB v. Rabito*, No. 11-CV-2501, 2014 WL 4804872, at *7 (E.D.N.Y. Sept. 10, 2014), *report and recommendation adopted*, 2014 WL 4804901 (E.D.N.Y. Sept. 26, 2014).  "When a default judgment is entered against a defendant with a 'nominal interest' in the property, any such interest in the relevant property is terminated." *Windward Bora LLC v. Baez*, No. 19-CV-5698, 2020 WL 4261130, at *3 (E.D.N.Y. July 24, 2020).

With respect to the DTF and Capital One these defendants were properly served with the summons and complaint, as well as the motion for default judgment.  *See* Dkt. Nos. 7, 8, 16.  These defendants have not challenged the claim that their interests are subordinate to Plaintiff.  Therefore, Plaintiff's motion is granted, and default judgment will be entered against the New York State Department of Taxation and Finance and Capital One, N.A., extinguishing any interest they may have in the property.  *See Kings Cnty. Pub. Admin.*, 2023 WL 7169000, at *3 (recommending granting default judgment against subordinate lienors and finding their interests extinguished);

---

No. 21-12 ¶¶ 27-28.  The Court grants the dismissal of these claims as to "John Doe #1" through "John Doe #12."

*Nassau Cnty. Pub. Admin.*, 2023 WL 2421676, at *5 (same); *Robedee*, 2022 WL 18284844, at *5 (same).

### E.  Damages

While the allegations of a complaint concerning liability are deemed admitted upon entry of default, allegations relating to damages are not.  *See Cement & Concrete Workers Dist. Council Welfare Fund, Pension Fund, Annuity Fund, Educ. & Training Fund & Other Funds v. Metro Found. Contractors Inc.*, 699 F.3d 230, 234 (2d Cir. 2012) (citing *Greyhound Exhibitgroup v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992)).  Rather, a court must ensure that there is an evidentiary basis for the damages sought by a plaintiff before entering judgment in the amount demanded.  *See Fustok v. ContiCommodity Servs., Inc.*, 873 F.2d 38, 40 (2d Cir. 1989).  A court may make this determination based upon evidence presented at a hearing or upon a review of detailed affidavits and documentary evidence.  *See* Fed. R. Civ. P. 55(b)(2); *Joe Hand Promotions, Inc. v. Levin,* No. 18-CV-9389, 2019 WL 3050852, at *3 (S.D.N.Y. July 12, 2019) (holding that a hearing is "not necessary as long as [the Court] ensure[s] that there was a basis for the damages specified in the default judgment") (alterations in original, internal quotations omitted); *Fustok*, 873 F.2d at 40 (noting that a court may rely on detailed affidavits and documentary evidence as the basis for determining damages to be awarded in a default judgment).

For the reasons set forth below, a hearing on the issue of damages is unwarranted and that Plaintiff's relief should be granted as discussed below.

### 1.    Outstanding Principal

Plaintiff requests a principal balance of $392,421.79 ($301,791.79 in unpaid principal and $90,630.00 in deferred principal).  *See* Compl. ¶¶ 20, 26(a); Sheidlower Decl. ¶ 22, Dkt. No. 21-2.  Pursuant to the terms of the Note, Aquilo agreed to pay $475,000.00 in principal.  *See* Compl. ¶ 10; Dkt. No. 1-3.  The Note provides that in event of the borrower's default, Plaintiff is entitled

to the full amount of outstanding principal of the loan. *See* Note ¶¶ 7(c), (e). As set forth in the Affirmation of Claribel Lopez and Plaintiff's records, at the time of Aquilo's default on January 1, 2025, there existed $301,791.79 in unpaid principal and $90,630.00 in deferred principal. *See* Affirmation of Claribel Lopez (Lopez Aff.), Dkt. No. 21-5 ¶ 22. The Court confirmed Plaintiff's calculations and the supporting documents establish that Aquilo failed to make the required payments. *See* Dkt. No. 21-21. Therefore, Plaintiff is awarded $392,421.79 for the unpaid principal balance.

### 2.      Interest

Plaintiff requests interest on the unpaid principal balance from December 1, 2024 to November 24, 2025. *See* Sheidlower Decl. ¶ 22. The terms of the Note (and the most recent loan modification instrument) provide that interest accrues on the unpaid principal balance at a rate of 3.92 percent per year. *See* Dkt. No. 1-10 ¶ 2. As indicated by Plaintiff, interest accrues at a rate of $32.41 per day. *See* Sheidlower Decl. ¶ 22. Accordingly, based on the Court's calculation, Plaintiff is awarded $11,589.82 in interest from December 1, 2024 to November 24, 2025, plus additional interest at a rate of $32.41 per day from November 24, 205 until the entry of judgment.

### 3.      Late Charges

Plaintiff seeks $100.00 in late charges. *See* Sheidlower Decl. ¶ 22. The Note provides that if a monthly payment is more than fifteen days late, the borrower must pay a late charge of 2 percent on the amount overdue. *See* Note ¶ 7(A). In his declaration, Sheidlower lists one late charge assed to Aquilo in the amount of $100.00. *See* Sheidlower Decl. ¶ 22. Accordingly, a late charge in the amount of $100.00 is awarded.

### 4.    Escrow Advances, Property Inspection Fees, Property Valuation Fees, and Title Search Expenses

Plaintiff seeks to recover escrow advances totaling $14,843.07, including $60,230.78 in tax disbursements, $11,983.00 in insurance disbursements, $687.46 for a prior service escrow balance, property inspections in the amount of $150.00, property valuation fees in the amount of $85.00, and title search expenses in the amount of $417.50, minus a deduction of $58.057.17 for "Escrow Payments/Credits." *See* Lopez Aff. ¶ 22; Dkt. No. 21-21.  The Mortgage and subsequent loan modification agreements provide that Aquilo is required to pay with each monthly payment "taxes," "insurance premiums," "assessments," "Escrow Items," "impounds," and "all other payments." Dkt. No. 1-6 ¶ 4(C).  Moreover, if the borrower fails to make payments, the lender is permitted to take actions to protect the value of the property under the terms of the Mortgage, including to pay the fees and advances. *See id.*

Plaintiff provided sixty-eight pages of data compilations and account ledgers. *See* Dkt. No. 21-21.  While cumbersome and lacking organization, the Court was able to identify the charges and payments or "credits" that made up the escrow balance. *See id.*  Plaintiff has sufficiently demonstrated that it is entitled to recover the cost of taxes, insurance, property inspections, property valuation fees, title search expenses, and the prior escrow balance that it paid related to the Subject Property.  Accordingly, Plaintiff is awarded escrow advances totaling $14,843.07, property inspections in the amount of $150.00, property valuation fees in the amount of $85.00, and title search expenses in the amount of $417.50.

### 5.    Attorneys' Fees and Costs

Plaintiff seeks attorneys' fees in the amount of $6,800.00 and $875.00 in costs. *See* Sheidlower Decl. ¶ 22; Lopez Aff. ¶ 22.  Counsel for Plaintiff, Eric S. Sheidlower, submits a declaration for the services rendered. *See* Dkt. No. 21-20.  Sheidlower states that pursuant to the

13

Mortgage, "the mortgagee is entitled to reasonable fees for the services rendered in connection with this action," *see id.* ¶ 3, and itemizes the 25.5 hours spent on this matter, at a rate of $330.00. *Id.* ¶¶ 3, 6. Flat rates such as the one sought here, are disfavored in the Second Circuit. *See e.g.*, *Wells Fargo Bank Nat'l Ass'n as Tr. for Holders of Comm 2014-UBS6 Mortg. Tr. Com. Mortg. Pass-Through Certificates v. 366 Realty LLC*, 725 F. Supp. 3d 272, 297 (E.D.N.Y. 2024) (discussing that generally this Circuit does not award attorneys' fees that request flat fees); *Nationstar Mortg. LLC v. Atanas*, 285 F. Supp. 3d 618, 624 (W.D.N.Y. 2018) (collecting cases). When flat fees are agreed upon, Courts still analyze whether such fees are reasonable using the lodestar method but only if contemporaneous time records are provided. *See Onewest Bank, N.A. v. Cole*, No. 14-CV-03078, 2015 WL 4429014, at *6 (E.D.N.Y. July 17, 2015). The Court does not find that the declaration is sufficient, absent contemporaneous billing records, and attorneys' fees should not be awarded without such a cross-check. *See Mack Financial Servs. v. Poczatek*, No. 10-CV-3799, 2011 WL 4628695, at *10 (E.D.N.Y. Aug. 30, 2011), *report and recommendation adopted in part*, No. 10-CV-3799 (JS)(ETB), 2011 WL 4628692 (E.D.N.Y. Sept. 30, 2011) (internal citations and quotations omitted) ("In general, courts in this Circuit will not award attorney's fees assessed at a flat-rate unless the supporting documentation is detailed enough to satisfy the Second Circuit's requirement that 'attorneys' fees must be based on contemporaneous time records specifying relevant dates, time spent and work done.'") Therefore, Plaintiff is directed to file a renewed application for attorneys' fees, with the required supporting documentation, within two weeks of the entry of the Court's Memorandum Decision and Order.

Plaintiff also seeks an additional $875.00 for costs in this action, including the Court's filing fee, service of process fees and the fee for filing the notice of pendency. *See* Bill of Costs, Dkt. No. 21-18. The Mortgage permits Plaintiff to "collect all costs and disbursements" in an

14

action for foreclosure and sale, and the Note permits Plaintiff to be "paid back . . . for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law." Mortgage ¶ 22; Note ¶ 7(E).  In addition, Plaintiff has provided a detailed breakdown in the Bill of Costs and supporting receipts. See Dkt. No. 21-18.  Based upon the documentation Plaintiff provided, this Court awards $875.00 for costs and disbursements.

### F. Judgment of Foreclosure and Sale and Appointment of Referee

Plaintiff requests appointment of a referee to effectuate a sale of the mortgaged property and to disburse the funds from such sale pursuant to RPAPL § 1611.  Specifically, Plaintiff requests the appointment of Sara A. Duncan, Esq. as a referee to conduct the sale under the conditions outlined in the proposed Judgment of Foreclosure and Sale, including that the mortgage premises be sold as one parcel.  *See* Dkt. No. 21-1.

A plaintiff is entitled to foreclose upon and sell a property if it demonstrates "the existence of an obligation secured by a mortgage, and a default on that obligation."  *1st Bridge 24 LLC v. 682 Jamaica Ave., LLC*, No. 08-CV-3401, 2010 WL 4608326, at *3 (E.D.N.Y. July 13,  2010), *report and recommendation adopted*, 2010 WL 4607409 (E.D.N.Y. Nov. 4, 2010); *see also OneWest Bank N.A. v. Cole*, No. 14-CV-3078, 2015 WL 4429014, at *1 (E.D.N.Y. July 17, 2015) (authorizing foreclosure and sale of property upon entry of default judgment).  Further, courts routinely appoint referees to effectuate the sale of foreclosed properties.  *See, e.g.*, *Cole*, 2015 WL 4429014, at *5 (awarding a judgment of foreclosure and sale under the supervision of specific referee requested by plaintiff); *E. Sav. Bank, FSB v. Evancie*, No. 13-CV-878, 2014 WL 1515643, at *1, *4 (E.D.N.Y. Apr. 18, 2014).

Having determined that Plaintiff has established its presumptive right to foreclose upon the Subject Property due to Aquilo's default, this Court appoints Sara A. Duncan, Esq. as referee to

15

conduct the sale of the Property under the terms set forth in the proposed Judgment of Foreclosure and Sale, *see* Dkt. No. 21-1, except for attorneys' fees, *see id.* at 4 (section entitled "THIRD").

## III.    CONCLUSION

For these reasons, it is hereby

**ORDERED** that Plaintiff's motion for default, Dkt. No. 21, is **GRANTED** in part and **DENIED** in part; and it is further

**ORDERED** that Plaintiff shall file a renewed application for attorneys' fees, with the required supporting documentation, within two weeks of the entry of the Court's Memorandum Decision and Order.  A final judgment awarding damages will be entered no sooner than two weeks from the entry of the Court's Memorandum Decision and Order.

This Court further **ORDERS** the appointment of Sara A. Duncan, Esq. as referee to conduct the foreclosure and sale of the Property under the terms set forth in the proposed Judgment of Foreclosure and Sale, *see* Dkt. No. 21-1, except for attorneys' fees, *see id.* at 4 (section entitled "THIRD").

The caption is deemed **amended** to remove defendants "John Doe #1" through "John Doe #12".

**IT IS SO ORDERED.**

_____
Elizabeth C. Coombe
U.S. District Judge

16